## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JAMES MCDANIEL,** | ) | |
| **ID # 289498,** | ) | |
| **Movant,** | ) | |
| **vs.** | ) | **No. 3:12-CV-2960-L-BH** |
| | ) | **No. 3:08-CR-0051-L** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

### AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation.  Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody,* filed August 17, 2012 (doc. 2), should be **DENIED** with prejudice.

### I.  BACKGROUND

Federal inmate James McDaniel (Movant) challenges his federal conviction and sentence in Cause No. 3:08-CR-0051-L.  The respondent is the United States of America (Government).

### A.      Conviction and Sentencing

On February 20, 2008, Movant was charged by indictment with two counts of felony in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and he pled not guilty to these charges. (*See* docs. 1, 10).  On September 23, 2008, movant was charged by superceding indictment with: 1) maintaining a drug-involved premises in violation of 21 U.S.C. §§ 856(a)(2) and 856(b) (count one); 2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), (c)(1)(C)(i) (counts two and four); 3) possession with intent to distribute and distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (count three); 4) possession with intent to distribute and distribution of a controlled substance resulting in death in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (count five); and 5) felon in possession of a firearm

in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count six)   (*See* doc. 27.)  He pled not guilty,

and after his motion to sever count six from the indictment was granted (docs. 61,  72), he was tried

before a jury on May 27-June 5, 2009.

The jury found Movant guilty on all five remaining counts.  (doc. 151.)  After a sentencing

hearing on October 28, 2009, he was sentenced to 20 years' confinement on counts one and three

and life imprisonment on count five, to be served concurrently; five years' confinement on count

two, to be served consecutively to counts one, three, and five; and twenty-five years' confinement

on count four, to be served consecutively to count two.  (doc. 169.)  He appealed his convictions and

sentences, and the Fifth Circuit affirmed in an unpublished opinion on August 12, 2011.  *United*

*States v. McDaniel*, 436 Fed. App'x 399 (5th Cir. Aug. 12, 2011).  He did not file a petition for writ

of certiorari.

The Fifth Circuit recounted the evidence presented at trial as follows:

> At trial, the prosecution presented overwhelming evidence on
> each count.  It introduced a videotape showing McDaniel retrieving
> bags of cocaine from a safe he kept in his apartment.  Numerous
> witnesses testified to McDaniel's drug trafficking and that they had
> seen him with firearms when they bought drugs from him.  One
> witness testified that Meaghan Bosch–the young woman who the
> prosecution alleged had died as a result of drugs distributed by
> McDaniel–was at McDaniel's apartment and under the influence of
> narcotics the night she disappeared.  Another witness testified that he
> had seen Bosch unconscious and slumped over in McDaniel's
> residence and had urged McDaniel to let her be taken to the hospital,
> but that McDaniel had refused.  The same witness testified that
> McDaniel later admitted to him that Bosch had died.  The prosecution
> also presented DNA evidence indicating that McDaniel could not be
> excluded as the source of DNA found on Bosch's body, and that dog
> hairs found on a blanket found wrapped around Bosch's body
> matched dog hairs found in McDaniel's apartment.

*McDaniel*, 436 Fed. App'x at 402-03.

**B.**      **Substantive Claims**

Movant asserts the following claims:

(1) the government exercised peremptory strikes against potential jurors in violation of *Batson v. Kentucky* (ground one);

(2) the district court abused its discretion when it denied the defense motion for mistrial based on unduly prejudicial trial testimony (ground two);

(3) trial counsel was ineffective for failing to seek a dismissal of his indictment pursuant to the Speedy Trial Act (ground three); and

(4) appellate counsel rendered ineffective assistance of counsel by failing to contact Movant in a timely manner and for failing to notify him when his convictions were affirmed on appeal (ground four).

(*See* Mot. at 5-9.)  The Government filed a response brief on October 3, 2012.  (*See* Resp. Opp'n

Mot. (Resp.).)  Movant did not file a reply brief.

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  It is well established that "a collateral challenge may not do service for an appeal."  *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review.  *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).  Defend-ants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the asserted error.  *Shaid*, 937 F.2d at 232.  However, "there is no procedural default for failure to raise an

ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. CLAIMS RAISED ON DIRECT APPEAL

On direct appeal, Movant argued that the district court erred in rejecting his claim that African-American jurors were struck from the jury panel in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986), and that the district court erred in denying his request for a mistrial after a prosecution witness gave unfairly prejudicial testimony. *McDaniel*, 436 Fed. App'x at 401. Both of these claims were denied on their merits. *Id*. at 405-07. Movant raises these same two claims in his first two grounds for relief. (Mot. at 5-6.)

It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Defendants who collaterally attack their federal convictions may not raise grounds previously raised on direct appeal. *United States v. Rocha*, 109 F.3d 225, 229-30 (5th Cir. 1997). "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).

Movant contends that he is raising these claims again in his § 2255 motion because he was not informed about the Fifth Circuit's decision on direct appeal in a timely manner. (Mot. at 6.) Regardless of whether he received late notice of the Fifth Circuit's decision, the appellate court disposed of these two issues. Movant may therefore not raise them again in this collateral attack on

4

his conviction.  *See Rocha*, 109 F.3d at 229-30.  Relief on these claims should therefore be denied.

## IV.  INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Movant asserts that his trial counsel provided ineffective assistance by failing to seek the dismissal of his indictment based on the Speedy Trial Act.

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."  U.S. Const. art. VI.  The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal.  *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective.  *See* 466 U.S. at 696.  The Court may address the prongs in any order.  *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance."  *Strickland*, 466 U.S. at 689.  "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions."  *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair).  Reviewing courts must consider the totality

of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors.  *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice").  One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture.  *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992).  Conclusory allegations are insufficient to obtain relief under § 2255.  *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

Movant contends that his first court-appointed trial attorney was ineffective for failing to seek dismissal of his indictment under the Speedy Trial Act.  He asserts that prior to the superceding indictment, his trial was set for June 30, 2008, and he was charged with only two crimes.  A few days before this trial date, counsel contacted Movant for the first time and movant that he was planning to jointly request a motion for continuance with the Government.  At that meeting, Movant asked counsel to seek dismissal of the indictment based on the Speedy Trial Act, but counsel did not do so.  (Mot. at 7).  Movant has submitted a copy of a letter he received from counsel, dated May 22, 2008, in which counsel explains that he had only recently received numerous documents from the Government, that he was planning on seeking a continuance because more time was needed to adequately prepare for trial, and that insisting on trial beginning on June 30th, rather than moving for a continuance, would benefit the Government because it had had more time to prepare.  It could

then bring additional charges and bring him to trial for a second time.  The letter further states that, in counsel's opinion, his indictment would not be dismissed merely because discovery had been slow.  (Mot. at 16.)

The Speedy Trial Act provides that when a defendant pleads not guilty, trial shall commence within seventy days either from the date the indictment was filed or the date of his first appearance in court, whichever date is later.  *See* 18 U.S.C. § 3161(c)(1).  A delay resulting from a continuance granted at the request of either party based on the finding that the ends of justice outweigh the interest in a speedy trial is excludable from this seventy-day time period, however.  Factors to be considered in determining whether to grant such a continuance include whether the failure to grant the continuance would result in a miscarriage of justice, or whether the case is so unusual or complex due to the number of defendants and the nature of the prosecution and facts or law that seventy days is an unreasonably short time for adequate trial preparation.  *See* § 3161(h)(7)(A), (B).

The Supreme Court has stated that while the best practice is for a court to make its findings supporting an ends-of-justice continuance when the continuance is granted, these findings must be put on the record at the very least when a defendant moves to dismiss the indictment under the Speedy Trial Act.  *Zedner v. United States*, 547 U.S. 489, 506-07 (2006).  If a defendant is not brought to trial within the time limit required by § 3161(c), as extended by § 3161(h), the indictment shall be dismissed upon motion of the defendant.  The indictment may be dismissed with or without prejudice based on the seriousness of the offense, the facts and circumstances that led to the dismissal, and the impact of a re-prosecution on the administration of justice.  *See* 18 U.S.C. § 3162(a)(2).

Movant was initially indicted on February 20, 2008, but he did not make an initial appearance in federal court until April 25, 2008.  (*See* doc. 5.)  His jury trial was initially set for June

30, 2008, within seventy days of his initial appearance.  (doc. 11).  On May 29, 2008, however, the Government and the defense filed a joint motion seeking to continue the trial based on the complex nature of the case, the number and location of witnesses, and the amount of discovery.  This motion also stated that the Government intended to seek a superseding indictment adding additional charges. Both parties asserted in the motion that the ends of justice would be served in granting the continuance. (doc. 19 at 1-3).  At Movant's request, on June 6, 2008, counsel filed a motion seeking to withdraw from the motion for continuance. (doc. 20).  The district court issued an order granting the motion to continue on June 26, 2008, specifically finding that the ends of justice would be served by granting the motion for continuance, that a failure to grant the motion would deny defense counsel reasonable time to prepare for trial, and that any period of delay should be excluded in computing time under § 3161. (doc. 22.)

Movant has failed to establish that his attorney was deficient.  First, counsel withdrew from the joint motion for continuance as requested.  The district court granted the motion for continuance anyway and made the required finding that the ends of justice would be met by granting a continuance, given the complexity of the trial and potential prejudice to the defense.  In addition, the motion for continuance was granted within seventy days of Movant's initial appearance in federal court.  He has failed to show that counsel was deficient in failing to file a motion to dismiss the indictment based on a violation of the Speedy Trial Act because there was no violation of the Act.  *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.").

Movant has also failed to establish prejudice.  Even if his attorney had filed a motion to dismiss the indictment based on the Speedy Trial Act that was granted, he has failed to establish a reasonable probability that the dismissal would have been with prejudice.  He has not shown that

the Court would likely have punished the Government for any violation of the Speedy Trial Act by dismissing the indictment with prejudice, especially given the seriousness of the offenses charged. Movant has failed to establish that his trial attorney provided ineffective assistance of counsel under the *Strickland* standard, and this claim should be denied.

## V. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Movant asserts his appellate counsel was ineffective because he did not contact Movant directly prior to oral argument; another attorney in the Federal Public Defender's office contacted Movant. He also claims that he was not notified of the Fifth Circuit's decision. (Mot. at 9). Movant has attached appellate counsel's response to a complaint he filed with the state bar. While appellate counsel submitted a copy of a letter he had sent Movant informing him of the Fifth Circuit's decision to the state bar in response to the complaint, Movant had not received that letter. (Mot. at 9, 18-22.)

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, petitioner must show a reasonable probability that but for his counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments

9

based on directly controlling precedent should be discovered and brought to the court's attention."
*Williamson*, 183 F.3d at 462-63 (footnote and citations omitted).   To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal."  *Phillips*, 210 F.3d at 348.

Movant concedes that an attorney from the Federal Public Defender's office contacted him at some point during the time he was represented by that office.  He does not assert how he was prejudiced by the lack of any additional communication, and he does not assert any additional potentially meritorious point of error that should have been raised on direct appeal, but was not, due to a lack of communication.  *See United States v. Phillips*, 210 F.3d at 348  (holding that attorneys do not render deficient representation by failing to present meritless claims on appeal).  Furthermore, while Movant asserts that he did not receive a letter informing him that his convictions had been affirmed on direct appeal, he does not allege any prejudice from the delay.  He filed a timely § 2255 motion, and he does not allege that he was not informed of his right to file a petition for writ of certiorari with the Supreme Court or that he wished to file a *pro se* petition for certiorari.[1]  This ground for relief is without merit and should be denied.

## VI.  RECOMMENDATION

The *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person*

---

[1] A criminal defendant has no constitutional right to counsel when filing a petition for writ of certiorari with the Supreme Court.  *Wainright v. Torna*, 455 U.S. 586, (1982).  Therefore, counsel cannot be considered constitutionally ineffective for failing to file a timely certiorari petition.  *See Phipps v. United States*, 2012 WL 2376923 (N.D.Tex. Apr. 30, 2012), *recommendation accepted* 2012 WL 2389320 (N.D.Tex. June 25, 2012).  However, habeas relief may be warranted should appellate counsel fail to advise a defendant of his ability to seek certiorari review or fail to file one upon request. *See United States v. Johnson*, 308 Fed. App'x 768, 769 (5th Cir. Jan. 26, 2009) (recalling the mandate because appellate counsel did not advise his client of his right to file a *pro se* certiorari writ); *see also Hernandez v. United States*, 2013 WL 632107 (N.D.Tex. Feb. 20, 2013) (noting that a recall of the mandate was not warranted because Hernandez did not assert that appointed counsel failed to advise him of his right to file a certiorari petition and did not allege that he requested, in writing, that counsel file one on his behalf, as required under the CJA plan).  Movant makes no such allegations.

*in Federal Custody* should be **DENIED** with prejudice.

    **SIGNED this 11th day of July, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE