IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JAMES MCDANIEL,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-2960-L** |
| | § | Criminal No. **3:08-CR-0051-L** |
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court is James McDaniel's ("Petitioner") Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed August 17, 2012. This case was referred to Magistrate Judge Irma Carrillo Ramirez, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge on July 2, 2013. On July 11, 2013, the magistrate judge issued Amended Findings, Conclusions and Recommendation ("Report"), recommending that Petitioner's motion be denied with prejudice.

In objections to the Report, Petitioner challenges the magistrate judge's determination that he failed to satisfy the deficient performance and prejudice prongs of his ineffective assistance of counsel claim. Petitioner asserts that he "believes" there is a reasonable probability his conviction and sentence would have been different if his trial counsel had acted on his request for a speedy trial because the government would not have had time to supersede his indictment. This objection by Petitioner does not raise any matters not already considered by the magistrate judge. Petitioner also contends that he was prejudiced by his counsel's failure to obtain security footage because it permitted the state's witness, William Cain, to present false testimony. The Report does not address

any ineffective assistance of counsel claim based on counsel's alleged failure to obtain security footage, and no claim on this ground is included in Petitioner's section 2255 habeas petition. Accordingly, the claim is not before the court.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Petitioner's objections to the Report, **denies** Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
  **(a)   Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
  **(b)   Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order - Page 2**

this case.  In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

    **It is so ordered** this 31st day of July, 2013.

                                              Sam A. Lindsay
                                              United States District Judge